CLARK, RESPONDENT, v. BARNARD, APPELLANT.

[Submitted January 9, 1895.   Decided January 14, 1895.]

EJECTMENT—*Statute of limitations—Stare decisis.*—The statute of limitations begins to run against a mining claim when the patent thereto has been issued, and not from the date of the register's receipt. (*King* v. *Thomas*, 6 Mont. 409; *Mayer* v. *Carothers*, 14 Mont. 274, followed.)

*Appeal from Second Judicial District, Silver Bow County.*

EJECTMENT. Judgment was rendered for the plaintiffs below by McHATTON, J. Affirmed.

*J. T. Baldwin*, for Appellant.

*Forbis & Forbis*, for Respondent.

PEMBERTON, C. J.—This is an action in ejectment, commenced in the district court by plaintiffs to recover of defendant the possession of a town lot in the city of Butte, described in the complaint. It appears that the town lot in dispute is a portion of the surface ground of a certain quartz lode mining claim, known and described as "Gold Hill No. 2." The defense to the action is the statute of limitations, the defendant, in her answer, alleging that before the bringing of this suit she had been in the adverse possession of the lot for more than five years after the plaintiffs had entered the mining claim above mentioned, and obtained the register's receipt therefor. Five years did not elapse between the date of the patent and the bringing of this suit. The case was tried by the court

below without a jury, upon an agreed statement of facts, the only issue and question being as to whether the statute began to run at the date of the register's receipt, or at the date of the patent. The court below held that the statute began to run at the date of the patent, and entered judgment for the plaintiffs for the possession of the lot, and nominal damages. From this judgment, and an order denying a new trial, this appeal is prosecuted.

In *King* v. *Thomas*, 6 Mont. 409, this court held that the statute of limitations did not commence to run until the issuance of the mining patent. In *Mayer* v. *Carothers*, 14 Mont. 274, this court refused to depart from the rule announced in *King* v. *Thomas, supra*, and again held that the statute does not run against a mining claim until issuance of patent. We are unable to discover any thing in the facts, circumstances, or law of the case at bar to distinguish it, in this respect, from *King* v. *Thomas* and *Mayer* v. *Carothers, supra;* and, upon the authority of these cases, the judgment of the court below in this case must be affirmed, and it is so ordered.

HUNT, J., concurs, basing concurrence upon the ground that the question has been twice decided by this court.

DE WITT, J.—I concur in affirming the judgment on the ground *stare decisis* of the case of *King* v. *Thomas, supra*, as I concurred in the judgment in *Mayer* v. *Carothers, supra*.